The decision below is hereby signed. Dated: June 28, 2006.

_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
JOHN TIFFANY,                  )   Case No. 06-00176
                               )   (Chapter 13)
         Debtor.               )

DECISION RE TRUSTEE'S MOTION TO DISMISS

The debtor plainly has not complied with 11 U.S.C. § 109(h), thus requiring that this case be dismissed for lack of jurisdiction. Even though the case is jurisdictionally barred, that would not preclude the court from dismissing the case with prejudice in the case of bad faith. Intentionally filing in an improper district can give rise to a dismissal with prejudice. See In re Pickeral, 267 B.R. 1 (Bankr. D.D.C. 2001).

The debtor's opposition urges that venue was proper because his principal place of business was in the District of Columbia and because his principal assets (such as a bank account) are in the District of Columbia. Being an employee in the District of Columbia does not amount to conducting a business in the District of Columbia, see Barnes v. Whelan, 689 F.2d 193, 204-5 (D.C. Cir.

1982).  Moreover, it is not at all clear that having a bank account with a bank in the District of Columbia means that the asset is located in the District of Columbia (instead of being viewed as located wherever the debtor resides because it is intangible property).  See In re Healy, 1989 WL 149679 (Bankr. D. Md. 1989), citing Miller Bros. Co. v. State of Maryland, 347 U.S. 340, 345, 353 n.9 (1954) (noting decisions dealing with intangible property that "apply the maxim *mobilia sequntur personam*" meaning that the property is viewed as residing with the owner).  But see In re Farmer, 288 B.R. 31 (Bankr. N.D.N.Y. 2002) (savings account in New York bank, debtor's only asset in United States, made venue proper).

    The trustee in her reply memorandum points only to § 109(h) as a basis for dismissal and asks that the case be dismissed without the necessity of a hearing.  The court thus assumes that the trustee intended to press dismissal with prejudice based on improper venue (an issue that would require a hearing) only if the court found that the debtor's case passed muster under § 109(h).[1]  Because the case does not pass muster under § 109(h), the court will dismiss the case without prejudice.

                            [Signed and dated above.]

---

[1] If the court's assumption is wrong, the trustee may move for reconsideration.

Copies to: Debtor; trustee; U.S. Trustee.